IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN C. MENDELL,
R-65962,

**Petitioner,**

vs.

UNKNOWN WARDEN,

**Respondent.**                                    Case No. 14-cv-01045-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Brian Mendell, who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Mendell seeks to challenge his 2007 Illinois state conviction (Tazewell County Circuit Court No. 07-CF-181) on multiple grounds. (*See* Doc. 1, pp. 6-10).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and exhibits, the Court concludes that the one-year time limit for filing a

§ 2254 habeas petition has expired. Accordingly, Mendell is not entitled to relief, and the petition must be dismissed.

## Procedural History

On August 6, 2007, Mendell pled guilty to charges under 720 ILL. COMP. STAT. 5/12-14.1 (now 720 ILL. COMP. STAT. 5/11-1.40) (predatory criminal sexual assault) and 720 ILL. COMP. STAT. 5/11-20.1 (child pornography). On October 25, 2007, Mendell was sentenced to 25 years at 85% for predatory criminal sexual assault, 4 years at 50% (consecutive to the 25 year sentence) for child pornography, and a mandatory supervised release ("MSR") sentence of 3 years to life. (Doc. 1, p. 3). In the present petition, Mendell states that he instructed his attorney to file a notice of appeal, but his attorney refused. *Id*. at 4. At some date (not mentioned), Mendell filed a notice of appeal, but according to the present petition, it was late and subsequently denied. *Id*.

On October 5, 2010, Mendell filed a petition for post-conviction relief in state court challenging his conviction and sentencing on multiple grounds. *Id*. That petition was denied on October 18, 2011. *Id*. Mendell filed an appeal with the Third District Appellate Court of Illinois, but on March 1, 2013, it too was denied. *Id*. Following that ruling, Mendell filed a petition for leave to appeal with the Illinois Supreme Court. On September 25, 2013, the Illinois Supreme Court denied Mendell's appeal. *Id*.

On September 29, 2014, Mendell filed the present petition (Doc. 1) with this Court. Mendell asserts that his conviction and sentence are void based on

the following: 1) Count 1 of his conviction violates the laws and Constitution of the United States; 2) the terms of the plea and subsequent sentence do not conform with Mendell's understanding of the agreement; 3) Mendell's right to a speedy trial was violated; 4) the indeterminate nature of Mendell's mandatory supervised release sentence (3 years to life) is unconstitutional and the Illinois Department of Correction's has no authority to calculate the length of his sentence; 5) Mendell's trial and appellate counsel were ineffective; 6) Illinois' truth-in-sentencing provision, which Mendell was sentenced under, is unconstitutional; 7) prosecutorial misconduct; and 8) the trial court abused its discretion throughout the course of the trial court proceedings. *Id*. at 6-10. These are the same claims Mendell raised in his habeas petition in state court. *Id*.

## Discussion

Before considering the merits of Mendell's petition, the Court must first determine whether his application is timely. Under 28 U.S.C. § 2244(d)(1), a petitioner has a one-year period in which to file an application for a writ of habeas corpus in federal court. The statute provides that the limitation period shall run from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Mendell does not allege a state-created impediment to filing or a newly recognized and retroactive constitutional right. Nor does Mendell suggest that his claim is predicated on facts that could not have been discovered at the time his judgment became final. Therefore, the Court will consider whether Mendell's application is timely under § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the judgment in a case becomes final upon "conclusion of direct review or the expiration of the time for seeking such review." Here, because Mendell did not file a motion to withdraw his guilty plea or a timely direct appeal, his judgment became final on November 26, 2007, the last date on which he could have filed, but did not file, a motion to withdraw his guilty plea.[1] *See* Ill. Sup.Ct. R. 604(d) (no appeal may be taken from judgment entered upon plea of guilty unless defendant moves to withdraw plea within thirty days). As such, the one-year statute of limitations period on this habeas action began to run on November 27, 2007 and Mendell's § 2254 petition was due one year later, on November 27, 2008. *See* Fed.R.Civ.P. 6(a); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir.2002) (applying "anniversary method" of calculating limitations period).

---

[1] Mendell's sentence in the underlying criminal case was entered on October 25, 2007 (Doc. 1, p. 2). November 24, 2007 (thirty days later) was a Saturday. Therefore, Mendell had until Monday, November 26, 2007 to file a motion to withdraw his guilty plea.

Under some circumstances, the one-year limitation period is tolled. According to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  However, Mendell's post-conviction proceedings did not toll the limitations period under § 2244(d)(2) because they were not commenced until October 5, 2010, nearly two years after the statute of limitations for a § 2254 petition had lapsed. *See De Jesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir.2009) (state proceeding that does not begin until after limitations period expires termed "irrelevant"). Thus, the present federal petition—filed in 2014—is untimely and must be dismissed.

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice.

Should Mendell wish to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability, however, may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the petition is time-barred, and therefore Mendell is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 20, 2014**

Digitally signed by David R. Herndon
Date: 2014.10.20 16:28:16 -05'00'

**United States District Judge**